UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CAINE,

    Plaintiff,

v.                                            Case No: 8:25-cv-2827-CEH-NHA

AUTO-OWNERS INSURANCE
COMPANY and PROGRESSIVE
SELECT INSURANCE COMPANY,

    Defendants.
_____

**ORDER**

This matter is before the Court on Plaintiff's Motion for Remand (Doc. 8) and Defendant Auto-Owners Insurance Company's Response in Opposition (Doc. 13). Plaintiff John Caine argues this case should be remanded because Defendant Auto-Owners Insurance Company has not established that the amount in controversy meets the jurisdictional requirements for diversity jurisdiction. The Court, having considered the motion and being fully advised in the premises, agrees with Plaintiff and will grant Plaintiff's Motion to Remand.

**I.    BACKGROUND**

On September 11, 2025, Plaintiff commenced this action against Defendants in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Doc. 1-1. The case arises out of a motor vehicle accident that occurred on January 20, 2025. *Id.* Plaintiff claims that a non-party negligently operated a motor

vehicle such that it collided into Plaintiff's vehicle. *Id.* ¶ 8. The Complaint alleges that Plaintiff was covered under insurance policies providing underinsured motorists' coverage with Defendants Auto-Owners Insurance Company and Progressive Select Insurance Company. *Id.* ¶¶ 9-10. Plaintiff states his damages exceed $50,000. *Id.* ¶ 1. Specifically, he claims he "suffered bodily injury including a permanent injury to the body as a whole, pain and suffering, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, activation and/or aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life." *Id.* ¶¶ 15, 20.

Auto-Owners timely filed a Notice of Removal on May 15, 2020, alleging that jurisdiction is proper under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. Doc. 1 at 2. The diversity of citizenship between the parties is not at issue; only the amount in controversy. Auto-Owners states the jurisdictional threshold is met because Plaintiff sent it a demand letter (Doc. 1-8) on August 20, 2025, stating it was responsible for underinsured motorists' benefits as provided in the contract of insurance, which is $100,000. Doc. 1 at 3. The demand letter also articulated damages of $2,843,827 in past medical specials, past pain and suffering, and in future pain and suffering. *Id.* The Notice of Removal includes no further detail regarding the basis of Plaintiff's demand or extent of Plaintiff's injuries.

The August 20, 2025, demand letter, provides that a reasonable settlement value for the case is $100,000. The demand letter states that the value of Plaintiff's bodily injuries, impairments, damages, and losses is well in excess of the settlement amount. This value includes an itemization of medical bills totaling $24,787 for diagnostic imaging, chiropractic care, conservative therapy, and steroid injections. The letter includes an estimate of non-economic damages for past and future pain and suffering. The demand letter states that pain and suffering is calculated at $15 per hour for every waking hour and calculated the total past and future pain suffering at $2,819,040.

On October 17, 2025, Plaintiff filed a Motion for Remand. On October 30, 2025, Defendant Auto-Owners Insurance Company filed a Response in Opposition to Plaintiff's Motion for Remand.

In his motion for remand, Caine argues that Auto-Owners has not clearly and unambiguously established the amount in controversy. Doc. 8 at 5-6. Caine argues that the face of the Complaint alleges only that the amount in controversy exceeds $50,000, the Florida Circuit Court minimum requisite jurisdictional amount. *Id.* at 7. Caine also argues that the demand letter is too speculative to be determinative of jurisdictional amount. *Id.* at 8.

In response, Auto-Owners submits that the demand letter is enough to demonstrate the requisite amount in controversy has been met claiming a pre-suit demand may form the basis of the amount in controversy if it provides a detailed calculation of damages. Doc. 13 at 4. Auto-Owners argues that Caine provided a

3

detailed calculation of damages because he used a formula consisting of his life expectancy and number of waking hours. *Id.*

## II. LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...." "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).

"The sufficiency of the amount in controversy is determined at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

### III.   DISCUSSION

A settlement offer may be some evidence of the amount in controversy. However, the persuasiveness of a settlement demand in establishing the amount in controversy varies based on the amount of detail contained in it to support the amount. Additionally, "'[s]ettlement offers commonly reflect puffing and posturing,' especially where they lack 'specific information to support the plaintiff's claim for damages.'" *Seoanes v. Capital One Bank (USA) N.A.*, No. 6:13-cv-1568, 2013 WL 6283651, at *2 (M.D. Fla. Dec. 4 2013) (quoting *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010)).

While Plaintiff's demand letter posited that a reasonable settlement value for the case was $100,000, the medical records and bills attached to the letter do not

support the demand. While the Court may not speculate or guess as to the amount in controversy, it may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and it may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Kilmer v. Stryker Corp.*, No. 5:14-CV-456, 2014 WL 5454385, at *2 (M.D. Fla. Oct. 27, 2014) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). All doubts as to whether the jurisdictional amount in controversy is satisfied must be resolved in favor of remand. *Cowan v. Genesco, Inc.*, No. 3:14-CV-261, 2014 WL 3417656, at *2 (M.D. Fla. July 14, 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Upon review of the demand letter and its attachments, the Court finds that Defendant has failed to carry its burden to establish the amount in controversy is satisfied to invoke this Court's jurisdiction. Defendant highlights the fact that the demand letter provided a detailed calculation of non-economic damages using a formula comprised of Plaintiff's life expectancy and number of waking hours. Although the demand letter includes a calculation involving expected life expectancy and number of waking hours, the calculation also included a value of pain and suffering at $15 per hour. *See* Doc. 1-8 ("A fair and reasonable amount to compensate John Caine for his future pain and suffering is $15 per waking hours for the remainder of his life."). The demand letter does not explain where this $15 per waking hour value of pain and suffering is derived. The demand letter does not provide "specific information to support the [] claim for" pain and suffering and thus does not offer a

6

"reasonable assessment" of the value of Plaintiff's claim. *Seoanes*, 2013 WL 6283651, at *2.

Defendant argues that Plaintiff does not dispute the accuracy of the demand letter or the damages calculations. Defendant also points to the state court Civil Cover Sheet (Doc 1-10) in which Plaintiff indicated an amount in controversy of over $100,000. While these facts may warrant some weight in this District, these conclusory responses do not relieve Defendant of the obligation to provide facts supporting the existence of federal jurisdiction. It is a removing defendant's responsibility to present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). Defendant has failed to do so here. Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

4. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 3, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any